UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT L. WATSON,

           Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

           Defendant.

CASE NO. C12-5552 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 18), Defendant's ("Commissioner") objections to the R&R (Dkt. 19), and Plaintiff Robert L. Watson's ("Watson") response to the objections (Dkt. 20).

Watson filed this action for review of the Commissioner's finding that he was not disabled under the Social Security Act (42 U.S.C. § 405(g)). Dkt. 1. Before Judge Strombom, Watson argued that the Commissioner's final decision should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in discounting Watson's credibility regarding his

ORDER - 1

symptoms and limitations; (2) in rejecting the lay witness evidence in the record; (3) in rejecting the disability rating decisions issued by the United States Department of Veterans Affairs ("VA"); and (4) in finding Watson to be capable of performing other jobs existing in significant numbers in the national economy. *See* Dkt 1.

Judge Strombom found that the ALJ erred in determining Watson was not disabled, but, recommended that while the Commissioner's final decision should be reversed, the matter should be remanded for further administrative proceedings. Dkt. 18 at 35. Of the four grounds challenged above, Judge Strombom found the ALJ had not erred in making determinations one through three. *Id.* at 24, 28 and 31. However, Judge Strombom determined the ALJ erred regarding the fourth ground challenged by Watson when she determined that the ALJ did not account for all the limitations assessed by the reviewing psychologists at the state agency. *Id*. at 34-36. Therefore, Judge Strombom found the ALJ erred in the assessment of Watson's residual functional capacity, and thus failed to support her finding at step five of the sequential evaluation process. *Id*. at 21-22, 31-34. Based upon these findings, Judge Strombom recommends reversing the ALJ's decision and remanding the matter for further proceedings. *Id*. at 34-36.

The Commissioner takes issue only with Judge Strombom's decision as to the fourth ground. *See* Dkt. 19. In his May 15, 2013 response to the Commissioner's objections, Watson maintains that Judge Strombom committed no error. Dkt. 20. The Court finds no error in Judge Strombom's first three findings, so it now addresses only the contested finding raised by the Commissioner.

Judge Strombom found that the limitation to occasional superficial contact with the public adopted by the ALJ clearly did not account for all of the mental functional limitations included by Drs. Clifford and Eather, state agency psychologists.  Dkt. 18 at 21.  She determined that the ALJ failed to explain why he did not adopt the moderate limitation in pace, avoidance of travel in unfamiliar places and need for guidance in setting goals included in Section III of the Commissioner's Program Operations Manual System ("POMS") form, which are noted by the aforementioned doctors. *Id.*  Judge Strombom considered the ALJ's failures to account for all the mental functional limitations and to explain why he did not adopt the other limitations was in error.  Judge Strombom found the ALJ's credibility assessment in the context of Watson's daily activities and his alleged cognitive limitations was in error, because Watson's daily activities did not necessarily contradict his allegations of significant cognitive limitations or his other testimony.  *Id*. at 21-22, 23-24.

As noted above, Judge Strombom found the ALJ's failure to account for the limitations in Section III of the POMS form was error. As the POMS directive indicates, "[i]t is the narrative written … in [S]ection III … that adjudicators are to use as the assessment of [residual functional capacity] RFC."  Dkt. 18 at 20.  The Court agrees. *Warre v. Commissioner of Social Sec. Admin*., 439 F.3d 1001, 1005 (9th Cir. 2006) (While the POMS "does not have the force of law," it is recognized as "persuasive authority" in the Ninth Circuit).

In analyzing and determining that the ALJ further erred in determining Watson's capability to perform certain jobs in the national economy, Judge Strombom relied in part

on *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007), to arrive at her recommendations. Dkt. 18 at 21-22 and 23-24.  In that case, the Ninth Circuit recognized "two grounds for using daily activities to form the basis of an adverse credibility determination." Dkt. 21-22.   Under *Orn*, first, daily activities may be used to discredit a plaintiff's testimony if they can "meet the threshold for transferable work skills."  *Orn*, 495 F.3d at 639. Thus, a plaintiff's credibility may be discounted if he or she "is able to spend a substantial part of his or her day performing household chores or other activities that are transferable to a work setting."  *Smolen v.Chater*, 80 F.3d 1273, 1284 n.7 (1996).  Second, a plaintiff's daily activities can be used to discount his credibility if they contradict his other testimony.  *Orn*, 495 F.3d at 639.

      Judge Strombom addressed the first ground under *Orn* finding Watson's daily activities did not contradict his alleged cognitive limitations, which the Commissioner found in error.  Additionally, the Commissioner claims that Judge Strombom further erred because she neglected entirely to address the alternative ground for discrediting Watson: whether his activities, as described by him, contradict other testimony. Dkt. 19 at 5.  The Court finds the Commissioner's assignments of error without merit.

      The Court finds that Judge Strombom performed a thorough analysis of the record and properly found that the ALJ inappropriately discounted Watson's credibility in the context of determining if his daily activities supported his ability to work at certain jobs in the national economy.  In assessing the ALJ's decision, Judge Strombom properly drew attention to several relevant parts of his opinion regarding the ALJ's assessment of his credibility.  Dkt. 18 at 23-24.  Judge Strombom quoted the ALJ's findings that:

> The claimant's allegations [regarding his mental and physical limitations] are partially credible because they are inconsistent with . . . his activities of daily living. . . . In 2004, the claimant reported taking a ten-day trip for a family funeral and reunion (Ex. 11F/293). In 2004, the claimant reported he was a "house husband" and caregiver for his two school age children (Ex. 11F/271). The claimant testified that he did household chores and yard work (e.g.,laundry, put dishes away, lawn mow). The claimant testified that he took care of his two dogs (e.g., feeds them, takes them to the dog park). The claimant testified that he went to Mount Rainier on occasion. The claimant testified he traveled across the United States and out of the country (by himself) to visit family in 2009.
>
> ***
>
> . . . [T]he claimant testified he went to department stores and the military base on a regular basis. The claimant testified that he goes to eat with his family at a restaurant once a month. The claimant testified that he was active in church, where he regularly attended Sunday Service, went to church activities, occasionally gave sermons, and called and visited sick and homebound members, evidence that his social limitations were mild. . . .
>
> . . . Furthermore, the claimant attended seminary school and received his Associate of Arts degree and testified that he would read or write up to 10 hours per day[1] (Ex. 11F/167, 237; hearing testimony). The claimant also gave sermons and acted as an assistant pastor at the church he attended (Ex. 11F/189, 222).

Dkt. 18 at 23-24 (*citing* AR 1134-35).

The Court concurs with Judge Strombom's finding that these activities neither contradict Watson's testimony about the severity of his alleged impairments, nor establish he can work on a regular and sustained basis.

Watson need not be "utterly incapacitated" to be eligible for disability benefits, and "many home activities may not be easily transferable to a work environment." *Smolen*, 80 F.3d at 1284 n.7. Further, the Ninth Circuit has "recognized that disability

---

[1] As the Commissioner acknowledges, Watson could read and write up to 10 hours per week, not per day. Dkt. 19 at 5 (*citing* TR. 1078).

1  claimants should not be penalized for attempting to lead normal lives in the face of their

2  limitations." *Reddick*, 157 F.3d at 722.  The Court agrees with Judge Strombom that "the

3  record fails to show that plaintiff's other activities have been engaged to the extent or to

4  the degree needed to demonstrate he can perform household chores for a substantial part

5  of the day or that they are necessarily transferrable to a work setting."  Dkt. 18 at 24 (*see*

6  AR 121-23, 125-27, 1076-80, 1211, 1342, 1345-48, 1354-61, 1369-72).  Nor, as Judge

7  Strombom found, "do those activities necessarily contradict plaintiff's other testimony."

8  *See id*.

9  The Court having considered the R&R, Defendant's objections, Watson's

10 response to the objections, and the remaining record, does hereby find and order as

11 follows:

12     (1)    The R&R is **ADOPTED**;

13     (2)    This action is **REMANDED** to the ALJ for further proceedings; and

14     (3)    The Clerk is directed to close this case.

15 Dated this 15th day of August, 2013.

                                 BENJAMIN H. SETTLE
                                 United States District Judge